## Case No. 7,395a.

### JOHNSON v. McLAIN.

[Hempst. 59.] [1]

Superior Court, Territory of Arkansas. May, 1828.

Before JOHNSON, ESKRIDGE, and TRIMBLE, JJ.

OPINION OF THE COURT. This is a motion for a writ of error, with a supersedeas to a judgment obtained by McLain against Johnson in the Pulaski circuit court. It appears from the record of the proceedings in the court below, that Johnson, to an action of debt brought against him by McLain, appeared at the May term of said circuit court, and filed three pleas of payment. In two of the pleas he avers that he paid the debt one day before it became due, and in the third plea he avers that he paid it on the day it became due. An issue was made up and tried by a jury, who returned a verdict for the plaintiff. The defendant in the court below then moved the court to arrest the judgment on the following grounds: first, that the issue was immaterial; secondly, that the time from which the interest is to be paid, is not expressed in the verdict; thirdly, that the whole proceeding is irregular, informal, and illegal. The court sustained the motion

---

[1] [Reported by Samuel H. Hempstead, Esq.]

and arrested the judgment. We cannot see the ground upon which the court arrested the judgment. The issue was not immaterial, for there was at least one good plea filed, upon which issue was taken, namely, the plea of solvit ad diem. From an inspection of the record, it is manifest that this plea was filed at the May term, before the jury rendered their verdict, and no parol averment can be received to contradict the record.

The second ground is equally untenable, for we are clearly of opinion that the verdict of the jury is substantially good. They find for the plaintiff the debt in the declaration, with interest and costs. It is evident that the jury intend to find interest from the time the note became due. After arresting the judgment, the court awarded a repleader, and at the subsequent term of the court the following proceedings took place: "This day, appeared the parties by their attorneys, and the plaintiff's attorney moved the court for a judgment by default, which motion the court overruled, whereupon the plaintiff's attorney withdrew his demurrer filed to the defendant's plea, and moved the court to strike out the plea as for want of a plea, which motion the court sustained. and proceeded to render judgment for the plaintiff for the debt in the declaration, and the interest then due in damages and costs of the suit." We are here again at a loss to perceive the ground on which the court rejected the plea of the defendant. But as the plea does not appear on the record, we are bound to presume that it was not such an one as the court should have received. But, admitting the court to have erred in the latter case in rejecting the defendant's plea, we are still of opinion it can have no influence in the decision of this case. The court at the previous term should have rendered judgment on the verdict of the jury, and not have arrested the judgment; by rendering judgment at the subsequent term, that only was done which ought to have been done at the previous term.

It is not material to the ends of justice whether the acts of the court proceed from good or bad reasons. The judgment, it is true, is erroneous in not allowing to McLain interest on the debt at the rate of ten per cent. per annum from the time the note became due until paid, but only giving interest up to the time of rendering the judgment. But this is an error of which the defendant in the court below has no right to complain. Motion overruled.